UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60238-CR-COHN

UNITED STATE OF AMERICA,

        Plaintiff,

vs.

SHAHRAZAD MIR GHOLIKHAN,

        Defendant.
_____/

**<u>ORDER</u>**

        This matter comes before the Court upon the Court's December 28, 2007, Order requiring Defendant to pay, within sixty days of that date, $20,000.00 into the Court's registry for costs associated with the appointment of counsel pursuant to the Criminal Justice Act.  For the reasons discussed below, the Court amends the December 28, 2007, Order to require Defendant to pay $1,623.45 into the Court's registry immediately.

        On December 19, 2007, Defendant was arrested on a five-count indictment charging her with brokering the export of defense articles, money laundering, and conspiring to launder monetary instruments, in violation of 18 U.S.C. §§371, 1956(a)(2)(A), and 1956(h), and 22 U.S.C. §2778.  Defendant had her initial appearance the following day, December 20, 2007.  At that time, Defendant indicated that she desired to retain her own counsel.  The United States, meanwhile, announced its intention to seek pretrial detention.  The Court set the matter for a detention hearing for December 27, 2007, and scheduled an inquiry regarding counsel for December 26, 2007.

        On December 26, 2007, Defendant appeared for an inquiry regarding counsel.  At that time

she claimed that she had not been able to hire an attorney because she had not been permitted to make telephone calls since her arrest. Consequently, the Court asked Defendant whether she desired for the Court to take testimony from her to ascertain whether she could qualify for the appointment of counsel under the Criminal Justice Act, 18 U.S.C. §3006A. Defendant declined the offer at this time. As a result, the Court asked the Deputy Marshal whether the Marshal would be able to allow Defendant to make a telephone call to arrange for counsel. The Deputy Marshal responded that he would, and the Court re-set the inquiry regarding counsel for December 27, 2007, and the pretrial detention hearing for December 28, 2007.[1]

Defendant appeared on December 27, 2007, for the next inquiry regarding counsel. At this time, the Court once again asked Defendant whether she had been able to hire an attorney. Once again, Defendant said that she had not. Thus, the Court asked the Deputy Marshal whether Defendant had been permitted to make telephone calls. The Deputy Marshal stated that upon her arrival at the Federal Detention Center, Defendant had made four telephone calls to Iran. Additionally, the Deputy Marshal noted that she had provided Defendant with the Yellow Pages, and Defendant had made a telephone call that morning before Court. The Court again re-set the inquiry regarding counsel for the following day and asked the Deputy Marshal to allow Defendant to make a telephone call to a lawyer. The Deputy Marshal agreed to do so.

On December 28, 2007, Defendant again appeared for an inquiry regarding counsel. Once again, Defendant advised the Court that she had been unable to hire an attorney and gave no indication that she expected to be able to retain an attorney at any time in the foreseeable future. The

---

[1] Monday, December 24th, and Tuesday, December 25, 2007, were Court holidays. Consequently, the five days within which to hold the detention hearing expired on Friday, December 28, 2007.

Court informed Defendant of the risks of proceeding with a pretrial detention hearing without counsel. Defendant stated that she wished to be represented, but could not find an attorney. The Court placed Defendant under oath and took testimony from her to determine whether Defendant qualified for the appointment of counsel. During Defendant's testimony, Defendant said that she had the equivalent of approximately $150,000 in bank accounts in other countries. Additionally, she testified that she had approximately 10,000 British pounds in a foreign bank account. Defendant further stated that she possessed approximately $1,000 in United States currency and approximately 3,000 Euros at the time of her arrest. With respect to property and other assets, Defendant stated that she owned property in Cyprus worth approximately $185,000, with an equity of $85,000, and that she owned approximately $150,000's worth of gold and jewelry. In view of these facts, the Court advised Defendant that she did not qualify for the appointment of counsel.

Nevertheless, in an effort to protect Defendant's rights during the pretrial detention hearing that was scheduled for that day,[2] as well as Defendant's speedy trial rights, the Court indicated that it was willing to appoint counsel from the Criminal Justice Act panel, provided Plaintiff made a $20,000 deposit into the Court's registry within sixty days to pay for the costs of her defense. The Court further advised Defendant that the Court would revisit the issue in sixty days to determine whether the costs of her defense exceeded $20,000, explaining that the Court intended to require Defendant to pay the full costs of her defense into the Court's registry. Defendant then thanked the Court and acknowledged her obligation, commenting that lawyers to whom she had spoken had asked for $100,000 to represent her. On this note, the Court noted that the law provides for

---

[2]December 28, 2007, constituted the fifth day from Defendant's initial appearance. Consequently, in the absence of a finding of good cause, the detention hearing had to occur that day.

appointed counsel at no cost to the defendant only where the Court has found the defendant to be financially eligible. In this case, the Court concluded to the contrary. Thus, Defendant was not entitled to free representation, and the Court was requiring her to pay in full the cost of her defense.

Because the Court had anticipated that it might need to appoint counsel, prior to the December 28, 2007, hearing, the Court had contacted Steven Kassner, Esq., the next attorney on the CJA Panel list for that week, and had requested that he be present in Court that day. Pursuant to the Court's request, Mr. Kassner attended Court, and the Court called upon him to represent Defendant.

After a conference with his client, Mr. Kassner represented to the Court that his client wished to stipulate to a $250,000 corporate surety bond with a *Nebbia* requirement, reserving the right to have a pretrial detention hearing at a later time. The Court then inquired of Defendant, ensuring that she understood her right to a pretrial detention hearing within five days of her initial appearance and that she wished to stipulate to the bond requested. Upon Defendant's statements that she understood but desired to stipulate to the bond at that time, the Court entered the stipulated bond. Additionally, the Court arraigned Defendant.

Subsequently, on January 25, 2008, David O. Markus, Esq., entered a temporary appearance on behalf of Defendant.[3] Mr. Markus filed a permanent appearance on February 7, 2008, as well as a motion to substitute counsel. D.E. 30, 31. The Court granted the motion on February 8, 2008, excusing Mr. Kassner from further representation duties in the current case. D.E. 32.

Also on February 8, 2008, Defendant filed a motion for bond. D.E. 34. Accordingly, upon referral from Judge Cohn, Magistrate Judge Seltzer held a hearing on February 15, 2008, on

---

[3]Prior to that time, Mr. Kassner appeared on behalf of Defendant at a January 14, 2008, status conference.

Defendant's motion. Following the hearing, Magistrate Judge Seltzer imposed pretrial detention on the dual bases of risk of flight and danger to the community. D.E. 42.

On February 27, 2008, William Barzee, Esq., filed a motion to substitute as counsel for Defendant. D.E. 44. The Court granted the motion on March 3, 2008. D.E. 46.

As the undersigned had advised Defendant during her December 28, 2007, hearing, the Court held a hearing on March 10, 2008, regarding the Court's December 28, 2007, Order requiring Defendant to pay $20,000 into the Court's registry for the appointment of counsel on Defendant's behalf. At this time, the Court noted that the undersigned was under the impression that the Court would be making payment to Mr. Kassner of $1,623.45 for Mr. Kassner's services on this case, rather than the $20,000 the Court had originally ordered Defendant to pay.[4] Consequently, the Court noted that it was reducing the amount it had originally ordered Defendant to pay from $20,000 to $1,623.45.

Defendant objected at the March 10th hearing, arguing that the Court should not have appointed counsel for Defendant in the first place and that Defendant should have an opportunity to contest Mr. Kassner's charges. The Court noted the potential prejudice to Defendant's rights of proceeding without counsel and once again reminded Defendant that it had carefully explained to Defendant at the time Mr. Kassner was appointed that Defendant would be expected to bear the full costs of her defense, as she did not qualify for counsel under the Criminal Justice Act, 18 U.S.C.

---

[4]On February 28, 2008, Judge Cohn approved a CJA voucher for Mr. Kassner's time that Judge Cohn deemed reasonable. At the time of the March 10th hearing, the undersigned was aware of the amount expected to be paid to Mr. Kassner by the Court, as a result of an inquiry to the Clerk's Office. The undersigned was not, however, aware that Judge Cohn had already reviewed and approved $1,623.45 in payments to Mr. Kassner, which were issued by the Court on or about March 5, 2008, as such payments, of course, do not appear on a case's docket sheet.

§3006A. Defendant agreed at the time of appointment. Only because of Defendant's agreement to reimburse the Court for her defense did the Court appoint Mr. Kassner to represent Defendant. Nor has there been any evidence since that time that Defendant was financially eligible under the CJA for appointed counsel during the time that Mr. Kassner worked on Defendant's case. Thus, the Court overruled Defendant's first objection.

As for Defendant's second objection, the Court notes that Judge Cohn has already reviewed the fees sought and on February 28, 2008, authorized repayment only for those fees he deemed reasonable. That amounts to $1,623.45. A check was paid to Mr. Kassner for this amount on or about March 5, 2008. As the Court has already conducted its own inquiry into the reasonableness of the fees sought and paid Mr. Kassner the resulting amount, thus, incurring $1,623.45 in charges on Defendant's behalf, the undersigned must also overrule Defendant's second objection.

Finally, Defendant moved at the March 10th hearing to stay the Court's Order requiring Defendant to pay $1,623.45 into the Court's registry to cover the costs of Mr. Kassner's actions on her behalf. As a basis, Defendant argued that she could not afford to pay the amount ordered. Based on Defendant's statements of her assets, as well as the fact that Defendant's payment is already overdue since the Court required Defendant to make payment within sixty days of December 28, 2007, the Court denies this motion.

Defendant is **HEREBY ORDERED** to make payment of $1,623.45 into the Court's registry

immediately for reimbursement of the Court for Defendant's defense by Mr. Kassner as CJA-appointed counsel.

**DONE AND ORDERED** this 14th day of March, 2008.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   William Barzee, Esq.
      Michael Walleisa, AUSA