UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60751-CIV-COHN
(05-60238-CR-CR-COHN)



SHAHRAZAD MIR GHOLIKHAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE

**THIS CAUSE** is before the Court upon Movant, Shahrazad Mir Gholikhan's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, U.S.C., Section 2255 [DE 1]. The Court has considered the Motion, the Government's Response [DE 7], the Movant's Reply [Crim. Case. DE 101], the arguments and testimony presented at a hearing on June 26, 2008, and the record, and is otherwise fully advised in the premises.

**I.**     **Procedural History**

The criminal case against the Movant commenced on September 13, 2005, when a federal grand jury in the Southern District of Florida returned a five-count indictment against her. A seven-count superseding indictment was handed down on April 3, 2008, and on April 24, 2008, seven-count second superseding indictment was returned, charging the Movant with a number of violations of United States law involving the exportation of defense articles and money laundering. (Second Superseding Indictment [Cr-DE 77].) Trial was set to commence on Monday, April 28, 2008.

On the afternoon of April 24, 2008, counsel for the Movant informed the Court that Ms. Gholikhan wished to enter a change of plea, and the Court set the change of plea hearing for the following morning. On April 25, 2008, Ms. Gholikhan entered a plea of guilty to Count 3 of the superseding indictment. (Minute Entry [Cr-DE 80].) Prior to Ms. Gholikhan entering her plea, the Court conducted its standard plea colloquy, questioning Ms. Gholikhan regarding the voluntariness and intelligence of her plea. The Court also advised Ms. Gholikhan of the maximum statutory sentence that could be imposed, and further advised Ms. Gholikhan regarding the Guideline range that would be applied. The Court stated: "And I understand that there has been a representation to the Court as to the guideline range, that being a total offense level of 8, a criminal history category of 1, yielding an advisory imprisonment range of 0 to 6 months. Do you understand that?" to which Ms. Gholikhan responded "yes."[1] (Transcript, Change of Plea and Sentencing Hearing on April 25, 2008, p. 14.)

Because all parties were in agreement as to the applicable Guideline range, the Government was recommending a sentence at the bottom of the Advisory Guidelines range (time served), and Ms. Gholikhan waived a PSI under Federal Rule of Civil Procedure 32, the Court proceeded to sentencing immediately. The Court followed the Government's recommendation and imposed a sentence of time served, in accordance with the Guideline range. (Id.)

Thereafter, on April 29, 2008, the Government filed a Motion to Correct

---

[1] On this point, there was no disagreement. The Court, the Government, defense counsel, and United States Probation were all in agreement, at this point in time, that the proper Guidelines range to be applied was zero to six months.

2

Sentence Pursuant to Rule 35(a) Federal Rules of Criminal Procedure [Cr-DE 84]. In this Motion, the Government argued that the total offense level of eight[2] that had been applied in calculating the Guideline range for Ms. Gholikhan was incorrect. Rather, the base offense level should have been 26 pursuant to section 2M5.2(a)(1), because the application of subsection 2M5.2(a)(2), for which the base offense level would be 14, applies only where the offense involves "only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed 10." The Government argued that the night vison goggles at issue in this case did not fall within this narrow category of weapons for which a base offense level of 14 would apply, so the higher base offense level of 26 was mandated. The Court conducted a hearing on May 1, 2008, and after hearing the arguments of counsel and considering the law, the Court found clear error and granted the Motion to Correct Sentence. (Order [Cr-DE 90].) The Court conducted a hearing on May 6, 2008 to re-sentence Ms. Gholikhan, and after considering and giving weight to the corrected Guideline range, imposed a sentence of twenty-nine months imprisonment and two years supervised release. Ms. Gholikhan then filed the instant Motion to Vacate on May 16, 2008 [DE 1].

II.   **Analysis**

The primary argument made by the Government in opposition to Ms. Gholikian's Motion is that she is procedurally barred from bringing her claim as a collateral attack because she did not first raise it on direct appeal. The United States Supreme Court

---

[2] The total offense level of eight was reached based on a base offense level of fourteen, with a two-level reduction for acceptance of responsibility and a four-level reduction for minor role in the offense.

has strictly limited the circumstances under which the voluntariness of a guilty plea may be attacked on collateral review, where it has not first been raised direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). However, exceptions to this general rule do exist. If a defendant can demonstrate cause for the failure to appeal and actual prejudice, or that he is actually innocent of the crime, his claim may be reviewed in a collateral proceeding. Id. at 622. Furthermore, an exception exists for those cases where the record is deficient in some way, and thus, the claim is not open to consideration and review on appeal. Id. at 621-22 (citing Waley v. Johnston, 316 U.S. 101 (1942)). It is the latter exception that applies in this case.

The facts supporting Ms. Gholikhan's claim that her plea was not intelligent and voluntary were not adequately established on the record at the time of the re-sentencing, when the Court entered the amended judgment against her. Thus, the record was not adequately developed to allow for consideration of her claim on appeal. Ms. Gholikhan testified at the hearing on her Motion to Vacate that she relied on a number of representations, including representations made by the Court, that her Guidelines range would be zero to six months when she made the decision to enter her plea. Her claim is not based solely on the inaccuracy of these representations, which is clearly shown on the record and could be adequately reviewed on direct appeal, but also on her reliance on those representations. In Bousley, the Supreme Court addressed a similar situation, concluding that because Bousley's argument was "that [his plea] was not intelligent because the information provided him by the District Court

4

at his plea colloquy was erroneous," his claim "can be fully and completely addressed on direct review based on the record created at the plea colloquy." 523 U.S. at 622. However, Ms. Gholikhan's claim presents a different situation. In Bousley, the defendant was arguing that he was not given notice of the true nature of the charge against him, and that "neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." Id. at 618. Thus, on direct appeal, an appellate court could clearly evaluate whether or not Bousley had been correctly informed as to the elements of the charge simply by reviewing the transcript record of what the court told him during the plea colloquy.

In contrast, in this case, it is not solely the accuracy of the information provided to Ms. Gholikhan that is at issue, but also the way in which she used that information in reaching her decision to plead guilty. Ms. Gholikhan testified at the hearing on her Motion to Vacate that she relied upon the Court's representation as to the applicable Guidelines range when deciding to plead guilty. This hearing was Ms. Gholikhan's first opportunity to establish this reliance on the record, because after the Government's Motion to Correct Sentence was granted, and at the Government's insistence, Ms. Gholikhan was re-sentenced. Rule 11(e) of the Federal Rules of Criminal Procedure did not allow Ms. Gholikhan to move to withdraw her plea at that point, and the Court lost jurisdiction over her criminal case. Without establishing her reliance on the record, she would have been unable to argue on direct appeal that her plea was involuntary, because the inaccuracy of the information provided to her regarding her Guidelines range alone would not establish involuntariness. To show the involuntariness of her plea, Ms. Gholikhan needed to establish that she relied on the statements made by the

5

Court, and she could not have done so on the record in her criminal case. For this reason, the Court reasons that Ms. Gholikhan's case differs in a significant respect from Bousley, and concludes that the exception to the procedural bar set out in Waley v. Johnson applies here.

The Court also finds that, because of the inaccurate representations made to Ms. Gholikhan by her own counsel, the Government, and this Court as to the applicable Guidelines range, her plea entered on April 25, 2008 was not voluntary. Ms. Gholikhan's plea was predicated upon this erroneous information. Under these circumstances, the Court finds that Ms. Gholikhan's guilty plea was the result of a promise that her Guidelines range would be zero to six months. This promise was not fulfilled. Therefore, Ms. Gholikhan's guilty plea is deemed unintelligent and involuntary, and her Motion to Vacate must be granted.

III.  **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Movant's Motion to Vacate [DE 1] is **GRANTED**. The Judgment and Sentence entered on May 6, 2008 are hereby **VACATED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of July, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record